Gary MANESS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director,
Division of Corrections, Respondent-
Appellee.

No. 74–1538.

United States Court of Appeals,
Fifth Circuit.

March 18, 1976.

(Opinion April 25, 1975, 5 Cir.,
512 F.2d 88.)

Albert G. Caruana, Miami, Fla., Bennett H. Brummer, Asst. Public Defender, Miami, Fla., for appellant.

J. Robert Olian, Arthur J. Berger, Asst. Attys. Gen., Miami, Fla., for appellee.

Before BROWN, Chief Judge, WISDOM, GEWIN, BELL,* THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, RONEY, GEE and TJOFLAT, Circuit Judges.

* This order was concurred in by Judge Bell prior to his resignation from the Court on March 1, 1976.

BY THE COURT:

It is ordered by the Court that the order heretofore entered on September 2, 1975, 519 F.2d 1085, for a rehearing of this case en banc is hereby vacated, and the within case is remanded to the panel of Judges Morgan, Clark and Gordon, District Judge.

JOHN R. BROWN, Chief Judge.

While I concur in the order vacating the en banc largely because the overwhelming majority thought the case was essentially a factual one, on the merits of the case I register my concurrence in Judge Clark's dissenting opinion for the panel and now that of Judge Goldberg.

GOLDBERG, Circuit Judge, with whom WISDOM, GODBOLD, CLARK and GEE, Circuit Judges, join, dissenting.

The majority opinion for the panel in this case assumed that the operation of the Florida voucher rule excluded the evidence sought to be introduced, and that the issue before the panel was whether this cumulation of exclusions was consistent with *Chambers v. Mississippi*, 1973, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297. I would agree that this case would be unenbancworthy if the panel had avoided the *Chambers* question on any of the several grounds suggested in appellee's briefs, or if the panel majority had presented a version of the facts which contradicted the account succinctly set forward in Judge Clark's dissent. The panel chose, however, to face the *Chambers* issue squarely and, I think, decided it wrongly.

As the majority noted, it was at least a "veiled" theory of the defense that the defendant's wife, and not the defendant, was the perpetrator of the crime. The testimony that the defendant wanted to introduce attacked the wife's story that she was out of the house at a crucial time, attacked the wife's credibility generally, and attempted to demonstrate a basis for the defense theory that the

defendant's confession was a lie to protect his wife.

*Chambers* reaffirmed the general principle that

[t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.

410 U.S. at 294, 93 S.Ct. at 1045. I am convinced the panel majority's opinion is inconsistent with this general principle, and can only be distinguished from *Chambers* in immaterial factual details. Assuming the *Chambers* issue had to be faced, I find Judge Clark's dissent from the panel majority unanswerable. I consider this case to be enbancworthy.